# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6064 | **DATE** | 11/16/2012 |
| **CASE TITLE** | Sherman Horton vs. Sheriff of Cook County, *et al.* | | |

**DOCKET ENTRY TEXT**

Defendant ARAMARK Correctional Services, LLC's motion to dismiss is denied.

■ [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    Before the Court is a motion to dismiss filed by defendant ARAMARK Correctional Services, LLC ("Aramark"). Plaintiff previously settled claims against the Sheriff of Cook County, leaving Aramark as the only defendant.

    In considering a motion to dismiss pursuant to Rule 12(b)(6), we must take the allegations of the complaint as true and draw all reasonable inferences in plaintiff's favor. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Although the plaintiff need not plead particularized facts, he must set forth enough facts to pass the plausibility standard set forth by the Supreme Court in *Twombly* and *Iqbal*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *McCauley v. City of Chicago*, 671 F.3d 611, 615 (7th Cir. 2011). The decree of specificity required depends on context and "is not easily quantified." *Id.* at 616-17.

    The relevant allegations of the complaint are as follows. Plaintiff Sherman Horton was a pre-trial detainee at the Cook County Jail for approximately 13 months, from July 2010 to August 2011. (Am. Cmplt. ¶ 6.) He was assigned to work in the kitchen where he "frequently" saw rodents. (¶¶ 7-8.) The area was controlled by defendants who "were aware of the presence of vermin in the food preparation areas." (¶ 8.) On March 12, 2011, plaintiff found a dead mouse in his breakfast meal. (¶ 9.) The experience allegedly caused him "to become sick, nauseated, and to require medical treatment," and plaintiff "continues to have painful recurring memories of a dead mouse in his breakfast meal." (¶¶ 9-10.)

    Plaintiff is asserting a § 1983 claim and a pendent state law claim for negligence. As both sides agree, the § 1983 claim is predicated on "an inmate's right to be provided with a healthy, habitable environment, including nutritionally, adequate food that is prepared and served under conditions which do not present an immediate danger to the inmates' health and well being." (Aramark Opening Br. ("A. Br.") at 5-6, citing *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985).)

    Aramark raises many arguments for dismissal, but its major one and the one the parties focus their briefs on is whether Aramark as a private entity can be considered a state actor and thus liable under § 1983. *See*

| STATEMENT |
|---|

*West v. Atkins*, 487 U.S. 42, 48 (1988). Before assessing this argument, we first briefly address the remaining arguments, which include the following: (1) a "few isolated incidents" of vermin in a prisoner's food are not sufficiently serious to pose a substantial risk of harm (A. Br. at 9); (2) plaintiff's mental injury from seeing a rodent in his food is not serious because he never actually ate the mouse (*id.* at 10); (3) plaintiff does not allege that any individual employee knew of the rodent infestation problems in the Cook County Jail (*id.* at 11); and (4) Aramark entered into an agreement with a pest control service and "maintained an aggressive rodent extermination program" (*id.* at 13).

While these arguments may prove successful on a motion for summary judgment, we find they are premature now because they all turn on fact questions which are in dispute. Most of Aramark's arguments boil down to a question of how frequent and serious the incidents were. Aramark characterizes the complaint as involving a single incident, but plaintiff states that he worked in the kitchen over a 13-month period and "frequently" saw rodents. It is true that his claim is vague in some respects, but we find it is sufficient to survive a motion to dismiss. Similarly, Aramark's claim that its rodent extermination program was "aggressive" is vague and hard to evaluate without more context and further details. (Aramark Br. at 13.) The discovery process can clarify these and other allegations.

Our conclusion – that these are fact questions not resolvable on a motion to dismiss – is supported by the fact that most of Aramark's supporting cases were decided on summary judgment, in some cases where the court previously *denied a motion to dismiss*. *Cf. Walker v. Dart*, 2010 WL 3307079 (N.D. Ill. Aug. 19, 2010) (granting summary judgment) *to Walker v. Dart*, 2010 WL 669448 (N.D. Ill. Feb. 19, 2010) (denying a motion to dismiss). In addition, Aramark's factual arguments often rely on additional materials, such as the pest control contract (Ex. D), which are not described or referred to in the complaint, and thus generally should not be considered on a motion to dismiss. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582-83 (7th Cir. 2009).

We turn next to Aramark's major argument – whether Aramark is a state actor. Aramark cites to a number of cases to support its claim that private entities are "normally" not considered state actors. (A. Br. at 6.) Before looking at these cases, we will first describe the general nature of Aramark's argument. One important question for purposes of a motion to dismiss is whether Aramark is making a legal argument or whether its arguments turns on a resolution of fact questions. The clearest articulation of Aramark's position is on pages 6 and 7 of its opening brief. Aramark first seems to agree with the plaintiff that the state actor question turns on whether Cook County delegated to Aramark the job of providing adequate food. (Pl. Resp. at 4; A. Br. at 7.) Aramark makes two arguments regarding delegation. First, it asserts that plaintiff has not "sufficiently" alleged that the Sheriff delegated the responsibility to Aramark. (*Id.*) In other words, the allegations are conclusory. Second, Aramark goes one step further and argues that not only are the allegations conclusory, they are actually "false." (*Id.*) What is the evidence? Aramark has attached to its opening brief portions of its contract with the Cook County Department of Corrections.

Based on solely these two arguments as articulated by Aramark, we find that the state actor issue ultimately turns more on a fact issue that we should not resolve on a motion to dismiss. Although the allegations that defendants "controlled the kitchen area" and were "aware of and failed to remove rodents from the food preparation area" are somewhat general, we find they are sufficient on a motion to dismiss. (*Id.*). Second, as for Aramark's claim that the allegations have been proven false by the contract, we find again that Aramark is venturing outside the confines of the complaint and is making an argument more suited to a summary judgment motion. Moreover, even if we were to consider the contract, it is not obvious to this Court how it helps Aramark. In its brief, Aramark states in conclusory fashion that the contract "refutes" plaintiff's allegations, but then it never explains why this is so. It does not quote from or summarize the relevant provisions of the contract or attempt to link them back to its legal argument. A quick perusal of the contract reveals provisions like this one: "The contractor [*i.e.* Aramark] shall manage a civilian Central Kitchen staff[.]" (Ex. C at S-1.) How does this answer the delegation question? In sum, the "state actor" argument is better resolved on a motion for summary judgment.

| STATEMENT |
|---|

As for the numerous cases relied on by Aramark, they do not alter our conclusion. To begin with, the cases are not dispositive. They are either federal district court cases or state court opinions and therefore are not binding. Neither side has pointed to a Seventh Circuit decision on point. Aramark in its opening brief relies heavily on a short ruling by Judge Shadur. In a *pro se* case, he ruled that Aramark did not "fit the Section 1983 concept" of a state actor. *Moore v. Vendor/Aramark Correctional Food Services*, No. 11 C 2327 at p. 3 (N.D. Ill. July 20, 2011). But then we learn from plaintiff's response brief that a few months later Judge Gettleman reached an opposite conclusion, denying a motion to dismiss in a case in which Aramark, represented by its current counsel, was a defendant. *Jubeh v. Dart*, 2011 WL 6010267, * 2 (N.D. Ill. Nov. 29, 2011) (distinguishing *Moore* and holding that "Aramark's argument that it cannot be considered a state actor is without merit"). Second, most of Aramark's cases are summary judgment rulings, a fact which is sometimes obscured in the way Aramark describes the cases in its brief.

Third, in general, Aramark has picked out and relied on favorable cases without at the same time acknowledging that other courts have disagreed and reached the opposite conclusion. This goes beyond the failure, noted above, to mention Judge Gettleman's *Jubeh* opinion. In its opening brief, Aramark cited to various cases that come from all over the country. Several of these are unreported and not accessible on Westlaw, such as *Peterson v. Neubauer*, a decision by a county court in the state of New Mexico. (A. Br. at 11.) The citation to unreported decisions from fairly remote jurisdictions (relative to our court in Illinois) shows that Aramark's outside counsel in this case or perhaps Aramark's general counsel has access to a large number of cases that Aramark is no doubt involved in across the country. It is one thing to cite to these cases, copies of which were at least attached to the brief, but it is another to do so in a way that gives the impression that they represent a uniform conclusion across the country. This does not appear to be the case, at least based on this Court's own brief Westlaw research. Without much difficulty, we found the following cases, none of which were acknowledged in Aramark's opening brief: *Wilmoth v. ARAMARK Correctional Services, LLC*, 2012 WL 4472147, *5 (W.D. Ark. Aug. 16, 2012) ("ARAMARK maintains it is simply a private food service contractor for a detention facility and has not been delegated penal responsibilities. It maintains it cannot be held liable under § 1983 because it is not a state actor. I reject this argument."); *Setzer v. ARAMARK Correctional Services*, 2011 WL 7071078, * 3 (W.D. Ark. Nov. 22, 2011) (same); *Johnson v. ARAMARK*, 2012 WL 219503, * 2 n.3 (W.D. Ky. Jan. 25, 2012) (because Aramark contracted with the state of Kentucky to provide food services to the prisons, it is clear that Aramark can be considered a state actor for purposes of § 1983); *Frazier v. ARAMARK*, 2011 WL 3847188. * 2 (E.D. Cal. Aug. 30, 2011) (denying a motion to dismiss brought by Aramark and stating: "if a jail completely delegates this duty to a private company, the private company is functioning as a state actor for the purpose of section 1983, because its conduct is fairly attributable to the state"); *McCullum v. City of Philadelphia*, 1999 WL 493696, *3 (E.D. Pa. July 13, 1999) ("the court finds that Plaintiff has sufficiently alleged facts which show Aramark was acting under color of state law for purposes of § 1983"); *McRoy v. Sheahan*, 2004 WL 1375527, *2 (N.D. Ill. June 17, 2004 (Mag. J. Brown) ("As a contractor performing the public function of running a jail[,] Aramark is acting under the color of state law and is treated the same as a municipality for purposes of § 1983."). The bottom line is that Aramark should be more careful in the future in how it represents the case law to this Court.

In conclusion, Aramark's motion to dismiss is denied. It may raise these arguments later, if appropriate, on a motion for summary judgment after the parties have had the opportunity to conduct discovery. Aramark should file its answer within 2 weeks of the date of this order.